**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL TAYLOR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 737 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT CITY'S MOTION TO REASSIGN AND/OR CONSOLIDATE**

NOW COMES Plaintiff, DANIEL TAYLOR, by and through his attorneys, LOEVY & LOEVY and the MACARTHUR JUSTICE CENTER, and hereby responds as follows:

**Introduction**

The City has moved to reassign and/or consolidate Plaintiff's case with *Patrick v. Taylor*, No. 14 CV 3658 (N.D. Ill.) (Guzman, J.). According to the City, because there is factual and legal overlap between the two cases, reassignment is warranted here. But factual or legal commonalities between two cases is not the metric under Local Rule ("L.R.") 40.4, and all that reassignment would accomplish here is substantial delay.

Indeed, not all of the Defendants in *Patrick* have been served and none has filed a responsive pleading. In fact, *Patrick* is at such an early stage of proceedings that only the City – and none of the other individual Defendants – has moved to consolidate. Waiting for *Patrick* to "catch up" to Plaintiff's case will inject months-long delay in Plaintiff's proceedings, running out the clock on fact discovery, which closes at the start of the New Year.

Nor is reassignment or consolidation necessary to achieve efficiencies in this litigation. Ordinary tools of case management and cooperation among the parties can achieve substantial savings without subjecting Plaintiff's case to a discovery bottleneck. That is particularly true because duplication is inevitable. What the City fails to mention at all in its motion is that on June 24, 2014, two of Plaintiff's former co-defendants – Lewis Gardner and Paul Phillips – had their convictions overturned. Gardner and Phillips will likely be filing a civil suit, although that suit could be filed at any time before June 24, 2015 and be timely. Because no one is suggesting that Plaintiff's case be hitched to those two as-of-yet unfiled cases and because Gardner's and Phillips' cases will involve overlapping discovery, any savings from consolidation here will be marginal.

Instead, this Court should deny reassignment and consolidation, and allow Plaintiff to proceed with his case. Plaintiff is in a position to timely complete discovery and any attempt to slow the progress of his case will only result in unnecessary delay and significant prejudice.

**I.    Standard**

The City has moved to reassign or consolidate Plaintiff's case with *Patrick*. Two or more civil cases may be "related" if "the cases involve some of the same issues of fact or law." L.R. 40.4(a). If related, a case may be reassigned where:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). The test under L.R. 40.4 is conjunctive, and the moving party bears the burden of proving that each criterion has been sufficiently met. L.R. 40.4(c)(2); *see also Garner v. Country Club Hills*, No. 11 CV 5164, 2012 WL 1900020, at *2 (N.D. Ill. May 23, 2012); *Central States, Southeast & Southwest Areas Pension Fund v. Blue Sky Heavy Hauling, Inc.*, No. 08 C 3338, 2010 WL 4411956, at *3 (N.D. Ill. Oct. 28, 2010).

Likewise, consolidation under Fed. R. Civ. P. 42(a) is appropriate where "actions before the court involve a common question of law or fact" and judicial efficiency outweighs "prejudice caused to any of the parties"). *See White v. VNA Homecare, Inc.*, Nos. 11-0971, 12-0330, 12-0331, 12-0332, 2012 WL 3150293, at *2 (S.D. Ill. Aug. 1, 2012).

The determination of whether consolidation or reassignment is appropriate lies within the discretion of the trial court. *See Rudd v. Lux Products Corp. Emerson Climate Tech. Braeburn Sys., LLC*, No. 09-cv-6957, 2011 WL 148052 at *2 (N.D. Ill. Jan. 12, 2011). That discretion is very broad. *See Davis v. City of Springfield*, No. 07-3096, 2007 WL 3243053, at *2 (C.D. Ill. Nov. 1, 2007) ("This Court has broad discretion to decide how and whether to consolidate matters on its docket.").

## II. Plaintiff's and Patrick's Cases Are Not Identical

Although Plaintiff concedes that his case and Taylor's case overlap, they are far from identical. And, in any event, commonalities of fact or law alone are insufficient without more to justify reassignment or consolidation. *See Rudd*, 2011 WL 148052, at *4 ("The Court acknowledges that this action involves a common question of law or fact.

3

*See* Fed.R.Civ.P. 42(a). As a discretionary matter, however, the Court finds insufficient basis to justify consolidated discovery.").

In particular, Patrick was tried separately from Plaintiff. As a result, some of the evidence that was introduced against Plaintiff at trial was not used to convict Patrick. This is a distinction with a difference in the civil arena. For example, as Patrick's Complaint concedes, the State's key witness against Plaintiff – Adrian Grimes – testified at Plaintiff's trial but not at Patrick's. *See* Ex. 1 to Def. Mot. Consolidate, Patrick Compl. ¶ 39. Grimes' fabricated statement and the failure to disclose the fact that it was the by-product of police coercion forms a significant part of Plaintiff's due process claims. *See* Dckt No. 1, Compl. ¶¶ 34, 38, 72-78.

In addition, Mr. Patrick also has sued two Assistant State's Attorneys and has lodged a claim pursuant to *Monell v. Dept. of Soc. Svcs*., 436 U.S. 658 (1978) against the Cook County State's Attorney's Office. *See* Ex. 1 to Def. Mot. Consolidate, Patrick Compl. ¶¶ 12, 128-136. The City has sought to downplay the import of these additional defendants and attendant claims, arguing that because it is "based on alleged policies of coercing false confessions" and the use of street files it "arise[]s from the same body of evidence and legal issues as [Plaintiff's] claims against the City Defendants." Dckt No. 71, Defs. Mot. at 9. Such a reductive argument, however, ignores entirely the requirements of *Monell* and the very basic fact that the County and the City are two different legal entities, with two different policymakers and two different sets of policies and practices. *See Looper Maint. Serv. Inc. v. Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999) (setting forth elements of *Monell* claim). It is simply untrue that examining the "street files" policy of the Chicago Police Department will necessarily involve the

4

discovery into the document disclosure policies of the Cook County State's Attorney's Office.[1]  As a result, litigation of Patrick's *Monell* claim is likely to involve significant discovery – both oral and written  – that is not a part of Plaintiff's case.  That fact alone makes reassignment and/or consolidation inappropriate.  *See King v. General Electric Co.*, 960 F.2d 617, 626 (7th Cir. 1992) ("We conclude, because of the different allegations and time frames, the district court abused its discretion by consolidating these actions."); *see also Body Science LLC v. Boston Scientific Corp.*, 846 F. Supp. 2d 980, 990-91 (N.D. Ill. 2012) ("While the Court recognizes that a common question of law or fact exists, the Court finds that consolidation will not promote judicial economy or efficiency.  Defendants are entirely different companies that are accused of infringing the patents-in-suit with over seventy-six Accused Products."); *Van Patten v. Wright*, Nos. 07-C-0788, 07-C-0026, 2009 WL 1886010, at *1-*2 (E.D. Wis. June 30, 2009) (affirming earlier denial of motion to consolidate because "the case pending before Judge Callahan contains additional claims, both cases have additional defendants, and the cases were at different stages procedurally"); *Marliere v. Vill. of Woodridge*, No. 96 C 0816, 1996 WL 464241, at *1 (N.D. Ill. Aug. 12, 1996) ("In the instant case, consolidation pursuant to Rule 42(a) is not appropriate.  First, not only are the plaintiffs different but some of the named-defendants are different.").

---

[1]  Were there any dispute on that regard, the *Palmer* litigation put that to rest in finding that the Chicago Police Department's street files practices "created a grave risk of non-disclosure of exculpatory materials" while the Cook County State's Attorney's Office "ha[s] not been shown to have colluded with city Defendants in the violation of constitutional rights . . . ."  *Palmer v. City of Chicago*, 562 F. Supp. 1067, 1076-77 (N.D. Ill. 1982).

Likewise, the City has argued that because the two Assistant State's Attorney Defendants in Patrick's case were involved in the investigation and prosecution of Plaintiff and his co-defendants, the addition of these two defendants in Patrick's case will not delay Plaintiff's litigation because Plaintiff would seek to depose them regardless. Dckt No. 71, at 8-9. But the delay that would inure to Plaintiff has nothing to do with deposing these two State's Attorneys; it is because of their right to take a qualified immunity interlocutory appeal based on their role as Assistant State's Attorneys in this case. That appeal will stop the *Patrick* litigation in its tracks. *See*, *e.g.*, *May v. Sheehan*, 226 F.3d 876, 880-81 (7th Cir. 2000) (finding that amended complaint filed while interlocutory qualified immunity appeal was pending was a "nullity" because "unlike certain other interlocutory appeals, [an interlocutory qualified immunity] appeal is not the sort of discrete and ancillary matter that can be decided in isolation from the remainder of the case against the public official in his or her individual capacity").

## III.  Reassignment Will Create Substantial Delay

The only certain consequence of reassignment would be to cause substantial delay in this litigation in contravention of L.R. 40.4(b)(3). That is not only for the reasons identified above, but also because Plaintiff's and Patrick's case are in different procedural postures. The very fact that only the City has filed to consolidate underscores that point: Pursuant to L.R. 40.4(c), "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." In *Patrick*, not a single defendant has answered or filed a responsive pleading – and many of the defendants still have not been served. *See*

6

Ex. A, Dckt, *Patrick v. City of Chicago*, No. 14 CV 3658.  As a result, it will be months before discovery starts in earnest in *Patrick* as each of the defendants is likely to file a motion to dismiss, just has been done in this case.

By way of contrast, Plaintiff filed his lawsuit over four months ago; dispositive motions are fully briefed; the parties have exchanged Rule 26(a)(1) disclosures and written discovery (including Plaintiff answering written discovery); issued subpoenas; and Plaintiff has repeatedly sought to schedule depositions.  Pursuant to this Court's scheduling order, Plaintiff has less than seven months remaining in which to conduct discovery on his underlying claims against the Defendant Officers and on his *Monell* claim against the City of Chicago, and he intends to meet that deadline.  Because "the cases are not proceeding at the same pace," they fail to meet the criteria for consolidation and reassignment.  *See Robinson v. Burlington Northern R. Co.*, No. 95 C 6781, 1997 WL 309026, at *2 (N.D. Ill. June 4, 1997); *see also Trafton v. Rocketplane Kistler, Inc.*, No. 08-C-99, 2009 WL 112570, at *1 (E.D. Wis. Jan. 14, 2009) (denying consolidation where "the two cases are at different stages in the litigation); *Miller v. Wolpoff & Abramson, LLP*, No. 1:06-CV-207-TS, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007) ("Despite the fact that discovery remains open in both cases, they are in vastly different stages of litigation."); *Gregg Comm. Sys., Inc. v. Am. Tel. & Tel. Co.*, 575 F. Supp. 1269, 1270 (D.C. Ill. 1984) (finding that although both cases were still in the process of discovery, where trial was scheduled in the cases seven months apart, "the interest of efficient judicial administration" would not be satisfied by transfer and consolidation).

The Defendant seeks to downplay the distinction in the litigation posture of the two cases by arguing that discovery has just begun in Plaintiff's case. Dckt No. 71, Brief, at 9-10. But that is, in part, due to the Defendants' own unwillingness to begin oral discovery notwithstanding this Court's prior ruling on Plaintiff's motion to compel. *See* Dckt No. 70. On that score, the Defendants have been unwilling to even set a schedule for depositions despite the fact that the parties have exchanged written discovery. The Defendants should not be able to use their own intransigence and refusal to participate in discovery as a basis to support reassignment.

### IV.    Duplicative Discovery is Inevitable

Nor is the City any more successful in arguing that reassignment will ameliorate duplicative discovery. That is for two reasons: First, the City fails to mention, let alone discuss, the fact that two of Plaintiff's former co-defendants – Lewis Gardner and Paul Phillips – just had their convictions overturned on June 24, 2014. Second, the City never addressed in its motion or otherwise, ways in which the parties can seek to streamline pretrial litigation short of formal reassignment or consolidation.

####    A.    Some Duplication is Inevitable Given Forthcoming Civil Rights Complaints by Plaintiff's Former Co-Defendants

Any gains from reassignment or consolidation are likely to be marginal given the fact that Gardner and Phillips will be filing Section 1983 Complaints based on the same investigation into the double homicide that led to Plaintiff's wrongful conviction – and as a result, will be seeking overlapping discovery. Although the Gardner and Phillips convictions were overturned before the City filed its motion to consolidate, the City failed to mention this elephant in the room. During the motion hearing on June 19, 2014 before this Court, however, the Defendants stated that they would not seek to hold up

8

discovery or reassign/consolidate based on Gardner's and Phillips' forthcoming exonerations and attendant civil lawsuits. Ex. B, Transcript of Proceedings dated 6/19/14, at 8 ("As to the other defendants, as to Lewis Gardner and the Phillips – and Akia Phillips and I believe it's Paul Phillips, your Honor, they are not before this Court. We – we will not in any way, shape or form make a representation that we want to forestall anything with respect to them."). That is for good reason: While Gardner and Phillips could file their lawsuits in short order, both have until June 2015 to file and meet the statute of limitations for any state law claims. *See Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011); 745 ILCS 10/8–101.[2] But even if they were to file within 60 days – the earliest that it would be reasonable to expect – the close of discovery in this case would be just weeks away by the point those plaintiffs are in a position to engage in oral discovery.

Thus, the result of the Defendants' admission is that many of the complaints that the Defendants have about duplication are inevitable: Gardner and Phillips will require written and oral discovery that overlaps with and duplicates the discovery that must be undertaken in this suit. The gains in efficiency that the City claims would result from combining Plaintiff's case with *Patrick* are illusory. It is inevitable that, over time, there will be a series of cases arising out of the police investigation into the double homicide

---

[2] During a recent L.R. 37.2 conference, the Defendants tried to equivocate with regard to whether they would seek reassignment or consolidation as to Gardner's and Phillips' forthcoming complaints. But obviously any such attempt would be barred by the Federal and Local Rules since neither Gardner or Phillips has a case currently pending in the Northern District of Illinois nor are Gardner or Phillips required to file anytime soon to meet the statute of limitations for their state and federal claims. *See* L.R. 40.4; Rule 42(a).

9

that led to Plaintiff's and his co-defendant's wrongful convictions. In this scenario, reassignment is an inappropriate remedy.

### B. There are Many Mechanisms Available to Coordinate Discovery Apart from Formal Reassignment

In addition, any potential savings from formally joining Plaintiff's and Patrick's cases are further reduced because the Court and parties here have many mechanisms available to them to limit duplication and promote efficiency apart from consolidation or reassignment.

As the courts have found, ordinary case management tools can be harnessed in litigation involving "common questions of law and fact" to ensure efficiency. *White*, 2012 WL 3150293, at *2. For example, "[t]he parties can avoid overlapping, redundant discovery by agreeing to stipulate to the use of certain discovery items produced in one case for use in the other cases." *Id*. Likewise, the parties can try to coordinate as many overlapping third party witness depositions as possible. *Cf. In re Sempris Membership Program Marketing & Sales Practices Litigation,* MDL No. 2509, ___ F. Supp.2d ___, 2014 WL 709765, at * (U.S. Jud. Pan. Mult. Lit. Feb. 18, 2014) (explaining that "[v]arious mechanisms are available to minimize or eliminate the possibility of duplicative discovery," rather than consolidating cases before one court; that "informal cooperation among the relatively few involved counsel and coordination among the involved courts" is often "preferable to formal centralization"; and that, for example, notices "of deposition can be filed in all related actions" and that the "parties can stipulate that any discovery relevant to more than one action can be used in all those actions"). Plaintiff's counsel here are firmly committed to cooperating informally with counsel for the defendants and for Patrick to minimize duplicative discovery.

Thus, judicial economy can be captured without having to delay the litigation of Plaintiff's case. As the parties move forward with discovery, if the parties in *Patrick* want to coordinate depositions – Defendants', Plaintiff's or third party witnesses – Plaintiff would certainly be amenable to such efforts. Particularly given the fact that the same counsel represent the City and police officer defendants in Plaintiff's case and in *Patrick*, there is no reason why the parties cannot work together to maximize efficiency where possible. But to formally hitch Plaintiff's case to *Patrick*'s would mean that Plaintiff would be tied to a much slower moving train – and one which would certainly not be able to meet the discovery deadlines set by this Court.

## V.  Defendant Admits It Is Premature to Determine Whether the Cases Can Be Adjudicated in a Single Proceeding

Finally, reassignment is inappropriate because, as the Defendant concedes, it is "premature" to determine whether Plaintiff's case and *Patrick*'s can be consolidated for trial. Dckt No. 71, at 10. One of the criteria in L.R. 40.4(b) is that the cases are "susceptible of disposition in a single proceeding." L.R. 40.4(b)(4). And the City bears the burden of proving that criterion (along with each of the others). *See* L.R. 40.4(c); *Central States, Southeast & Southwest Areas Pension Fund*, 2010 WL 4411956, at *3 ("Blue Sky, as the moving party, bears the burden of indicating "the extent to which the conditions required by section (b) will be met if the cases are found to be related." L.R. 40.4(c)(2). On the second factor, Blue Sky asserts that a substantial savings of judicial time and effort will result from the reassignment of the cases to a single judge. However, Blue Sky has done little to demonstrate that this condition is met. Rather, Blue Sky merely alludes to "substantial issues" that may arise "relating to the possibility of inconsistent judgments and issues and claim preclusion that could be avoided." Yet Blue

11

Sky fails to identify the potential inconsistent judgments that could arise. Conclusory assertions do not shed much light on how the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort.").

By conceding that it is not possible to make such a determination, the City has failed to meet its burden under the L.R. and reassignment should be denied. Indeed, on this score the Plaintiff and the City agree. It is impossible to know what evidence will be uncovered during the civil litigation – and the differences between Plaintiff's case and Patrick's, as outlined above, make a determination that they could be tried together inappropriate at this stage (and likely ever).

## VI. Consolidation is Inappropriate

Finally, in a single paragraph buried at the end of its motion, the City argues that consolidation under Rule 42(a) is appropriate. In this paragraph, the City does little more than parrot the standard for consolidation under Rule 42(a) and fails to address in any meaningful way how the balance between judicial efficiency and prejudice to Plaintiff tips in consolidation's favor. As a result, the City has failed to meet its burden that consolidation is warranted. *See Adams v. Northern Indiana Pub. Svc. Co.*, No. 2:10 CV 469, 2012 WL 2375324, at *1 (N.D. Ind. June 22, 2012) ("The burden is on the moving party to show that consolidation is appropriate in light of these concerns."); *Marcus v. Bowen*, No. 85 C 453, 1986 WL 8396, at *1 (N.D. Ill. July 21, 1986) ("Under Rule 42(a) the court's power to consolidate is purely discretionary, and the moving party has the burden of persuasion.") (internal quotations and citations omitted).

Even if that were not the case, however, as demonstrated above, Plaintiff would suffer substantial prejudice if his case were formally tied to Patrick's. That prejudice not

12

only results from the different postures of the two cases and the significant delay that would follow from formally joining the two cases, but also from the fact that Patrick has sued two former Cook County State's Attorneys and Cook County for claims that are likely to involve protracted, time-intensive discovery and motion practice that have no bearing on Plaintiff's case. *See supra*, Sections II and III. Moreover, any efficiencies that might be acquired through consolidation can just as easily be achieved through ordinary case management tools and mutual cooperation. *See supra*, Section V.

## Conclusion

For all of the reasons stated above, the City's motion to reassign and /or consolidate should be denied.

Respectfully submitted,

**DANIEL TAYLOR**

By**:**/s/ Gayle Horn
*One of his Attorneys*

| | |
|---|---|
| Arthur Loevy | Locke E. Bowman |
| Jon Loevy | Alexa Van Brunt |
| Gayle Horn | David Shapiro |
| David B. Owens | RODERICK AND SOLANGE MACARTHUR |
| LOEVY & LOEVY | JUSTICE CENTER |
| 312 N. May St., Ste. 100 | Northwestern University School of Law |
| Chicago, IL 60607 | 375 E. Chicago Avenue |
| (312) 243-5900 | Chicago, Illinois 60611 |
| | (312) 503-0844 |

**CERTIFICATE OF SERVICE**

I, Gayle Horn, an attorney, hereby certify that on June 30, 2014, I filed the foregoing Motion using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Gayle Horn
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Arthur Loevy | Locke E. Bowman |
| Jon Loevy | Alexa Van Brunt |
| Gayle Horn | David Shapiro |
| David B. Owens | RODERICK AND SOLANGE MACARTHUR |
| LOEVY & LOEVY | JUSTICE CENTER |
| 312 N. May St., Ste. 100 | Northwestern University School of Law |
| Chicago, IL 60607 | 375 E. Chicago Avenue |
| (312) 243-5900 | Chicago, Illinois 60611 |
| | (312) 503-0844 |