**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANIEL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 737 |
| vs. ) | |
| ) | Hon. John Z. Lee |
| ) | Hon. Sheila M. Finnegan |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL MEMORANDUM
OF MACARTHUR JUSTICE CENTER AND LOCKE E. BOWMAN**

The Roderick and Solange MacArthur Justice Center ("MacArthur Justice Center") and Locke E. Bowman, by their attorneys, JENNER & BLOCK LLP, hereby file this Supplemental Memorandum, which attaches a supplemental declaration by Mr. Bowman invited by the Court in its February 20, 2018 minute order. This Supplemental Memorandum discusses the application of Federal Rule of Civil Procedure 26(e)(1)(A) to Mr. Bowman's discovery and disclosure obligations with respect to an interrogatory answer in the above-captioned case (the "*Taylor*" case) during the 12-14 hour period following the revelation by Daniel Taylor ("Plaintiff") that he would testify in a separate case, *Patrick v. City of Chicago, et al.*, No. 14 C 3658 (N.D. Ill.) (the "*Patrick*" case), in a manner inconsistent with his earlier interrogatory answer in *Taylor*.

**PRELIMINARY STATEMENT**

Mr. Bowman's supplemental declaration makes clear that he simply does not recall considering, during the 12-14 hour period referenced in the Court's Order, whether earlier answers to interrogatories were incorrect. Supplemental Declaration of Locke E. Bowman ("Supp. Bowman Decl.") ¶ 2. Plaintiff had given the incorrect response to Defendant Anthony Villardita's

1

Interrogatory No. 22 two years and 10 months before he made his revelation to Mr. Bowman on March 29, 2017. The response was to one of 105 interrogatories the defendants in *Taylor* had propounded on Mr. Bowman's client during the course of written discovery in *Taylor*. *Id.*

Mr. Bowman did not finish his meeting until about 8 p.m. the night of March 29. *Id.* ¶ 3. He recalls that on that evening, he was focused on the importance of ensuring that his client would testify truthfully the following day in the *Patrick* matter. *Id.* ¶ 4. During that narrow 12-14 hour overnight time frame about which the Court has inquired, Mr. Bowman did not consider whether he should review earlier interrogatory responses to determine if one or more would warrant supplementation or amendment in light of the information learned that evening. *Id.* ¶ 2.

## ARGUMENT

**I.    Mr. Bowman Satisfied His Obligation To Correct Plaintiff's June 3, 2014 Interrogatory Response in *Taylor* Under Rule 26(e)(1)(A) and Should Not be Sanctioned.**

Rule 26(e)(1)(A) addresses supplemental disclosures by parties who have responded to an interrogatory. Fed. R. Civ. P. 26(e)(1)(A). The Rule provides that a party must supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* As explained further below, Mr. Bowman's conduct complied with the Rule. Even if there was noncompliance, which there was not, any such noncompliance was not deliberate, intentional, strategic, or prejudicial, and therefore not deserving of sanctions under settled Seventh Circuit law.

### A. Rule 26(e)(1)(A) Did Not Require Amendment of the Interrogatories Before Mr. Taylor Testified In a Different Case the Following Morning.

Rule 26(e)(1)(A) requires "timely" supplementation of an incomplete or erroneous interrogatory answer. But in the present context, the Rule did not require amendment of the interrogatories in the *Taylor* case during the narrow window of time before Plaintiff testified in a different case the following morning. Simply put, Rule 26 did not impose upon Mr. Bowman any discovery obligations in connection with events in the *Patrick* case because he was not counsel of record in the *Patrick* case. We have searched diligently and have found no authority that suggests that Rule 26(e)(1)(A) contemplates that attorneys in one case must consider, in deciding whether to supplement their discovery responses, the effect those discovery responses may have on events occurring in a case in which they are not counsel of record.

Discovery in the *Patrick* and *Taylor* cases was never consolidated. Although the parties had informally agreed that certain depositions, including Plaintiff's, could be used in both cases, the *Patrick* defendants never had a right to propound interrogatories upon Plaintiff and never did so. In *Patrick*, any duties associated with supplementing discovey responses under Rule 26(e) rested with counsel of record in *Patrick*.

We do not suggest that Mr. Bowman lacked duties of candor to the tribunal and counsel in the *Patrick* case. To the contrary, Mr. Bowman did have such duties and appropriately discharged them, as discussed in our original brief. *See* Memorandum of Law of the MacArthur Justice Center and Locke E. Bowman in Response to Court's January 29, 2018 Order ("MJC Br."). But Rule 26 cannot be read as imposing upon Mr. Bowman additional discovery disclosure obligations in a separate case in which Mr. Bowman was not counsel of record.

Mr. Bowman met his obligations under Rule 26(e)(1)(A) in the *Taylor* case by ensuring that Plaintiff testified truthfully about the encounter with Officers Berti and Glinski the very next

morning after Mr. Bowman learned that Plaintiff would so testify. Plaintiff's March 30, 2017 testimony also resulted in a written transcript in which he admitted the falsity of his prior denial, and defendants later produced that transcript in discovery in the *Taylor* case. *See* Supp. Bowman Decl. ¶ 5.

Thus, in the *Taylor* case, Mr. Taylor's false interrogatory answer was corrected during the discovery period, well before the close of discovery and in a manner that caused prejudice to no party. *See* Fed. R. Civ. P. 26(e)(1)(A); *see also Westefer v. Snyder*, 422 F.3d 570, 583-84 (7th Cir. 2005) (holding that no Rule 26(e) violation occurred where plaintiffs revealed their newly adopted position, not disclosed in an earlier contention interrogatory response, after discovery and in a response to defendant's summary judgment motion); *Paldo Sign & Display Co. v. Unified Mktg., LLC*, No. 13 C 1896, 2017 WL 951313, at *3 (N.D. Ill. Mar. 10, 2017) (equating the continued pendency of the discovery period with Rule 26(e)(1)(A)'s language of "during the discovery process" in applying Rule 26(e)(1)(A) to decline to strike declarations by witnesses who had not been disclosed as potential witnesses in an interrogatory response but who verified supplemental interrogatory responses and thus were "made known to plaintiffs within the discovery period").

### B. Even If Mr. Bowman Were Found to Have Violated Rule 26(e), the Violation Would Not Have Been Intentional, Deliberate or Strategic; Would Be Harmless; and Would Not Be Sanctionable.

Even if Mr. Bowman had violated Rule 26(e), which he did not, his conduct would not warrant sanctions. In assessing whether a Rule 26(e) violation is harmless and therefore not sanctionable, the Seventh Circuit considers (1) the prejudice or surprise to the party against whom the evidence was offered; (2) the ability of the other party to cure the supposed prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Westefer*, 422 F.3d at 584 n.21; *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Here, there was no unfair prejudice, disruption or surprise, as the information was made available to defense counsel the very next day in *Taylor* through the testimony in *Patrick* and thereafter by the transcript from the *Patrick* case which was produced in this case nearly six months before discovery closed. In *Patrick*, Judge Guzman, a seasoned trial judge who presided over that trial, made very clear that the defendants were not harmed and more than adequately availed themselves of their right to cross-examine Plaintiff on his inconsistent statements. MJC Br. at 5-6. Notably, the *Patrick* defendants made no mention of Plaintiff's change of testimony in their post-trial motions.

There is no basis for anyone to conclude that Mr. Bowman acted in bad faith. He learned new information in the evening of a long day. He remonstrated with his client and ensured that his client corrected his prior false testimony the very next morning. He did not consider one of over 100 interrogatory answers, which was given over two years earlier, and did not strategically, deliberately, or intentionally seek to disadvantage the defendants in this case or in *Patrick*.

Applying the factors set forth by the Seventh Circuit in *Westefer* for determining harmlessness of a Rule 26(e) violation, there is no basis to sanction Mr. Bowman.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Memorandum of Law and exhibits filed by the MacArthur Justice Center and Mr. Bowman on February 16, 2018, there is no basis for any finding by this Court that the MacArthur Justice Center or Mr. Bowman, in connection with their treatment of Plaintiff's March 29, 2017 revelation, violated any professional, ethical, or discovery rule, and there is no basis to sanction Mr. Bowman.

Dated: February 27, 2018              Respectfully submitted,

                                              THE MACARTHUR JUSTICE CENTER
                                              LOCKE E. BOWMAN


                                        By: */s/ Gabriel A. Fuentes*
                                                One of Their Attorneys

David J. Bradford
Gabriel A. Fuentes
Monika N. Kothari
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
312-222-9350

## **CERTIFICATE OF SERVICE**

I, Gabriel A. Fuentes, an attorney, hereby certify that on February 27, 2018, I caused the foregoing **Supplemental Memorandum of MacArthur Justice Center and Locke E. Bowman** to be filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the ECF system, which will send notification of such filing to all current counsel of record.

        s/ *Gabriel A. Fuentes*