# EXHIBIT A

Speckin Forensics, LLC

2601 Coolidge Road, Suite 202
East Lansing, Michigan 48823
517-349-3528 • Fax 517-349-5538

Please Direct Correspondence & Payment Here:
110 E. Broward Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
954-763-6134 • Fax 954-688-4941

www.4N6.com

Leonard A. Speckin
Retired Document Analyst

Michael J. Sinke
Latent Print Specialist
Crime Scene Reconstruction
Forensic Document Analyst

Robert D. Kullman
Forensic Document Analyst

Dr. George F. Jackson Ph.D.
Toxicologist

Erich J. Speckin
Forensic Document Analyst
Ink Dating Specialist

Roger J. Bolhouse MBA
Laboratory Director
Crime Scene Reconstruction
Forensic Analyst & Consultant

Thomas K. Huard Ph.D.
DNA Analyst & Consultant

Terry Nadeau
Arson Investigator

Richard L. Brunelle
Retired Ink Dating Consultant

Dr. Laurence R. Simson M.D.
Retired Forensic Pathologist

Anthony A. Milone
Computer & Graphics Specialist

Dr. Julie Howenstine
Serologist
DNA Analyst & Consultant
Crime Scene Reconstruction

February 13, 2018

Misha Itchhaporia
Borkan & Scahill, LTD
Two First National Plaza
20 South Clark St. Suite 1700
Chicago, IL 60603

Re: Taylor v City of Chicago

Dear Ms. Itchhaporia,

I am being compensated at a rate of $360/hour in this matter. My fee is not contingent on the outcome of this matter.

I have attached my CV and list of trials and depositions to this report.

<u>Documents examined:</u>

Scans of the known documents were emailed to me, the questioned document was originally emailed to me as a scan, I then was able to examine the original of the carbon transfer in the fourth part at the court in Chicago. The examination task was to determine if the Daniel Taylor signature on the questioned I-Bond form, dated 11-16-92.

<u>Questioned Document:</u>

Q-1: I-Bond 0665230, Dated 11-16-92

Purported Known Documents:

K-1: I-Bond 0511508, Dated 07-21-92
K-2: I-Bond 0572808, Dated 09-28-92
K-3: I-Bond 0572840, Dated 10-09-92
K-4: I-Bond 0572841, Dated 10-09-92
K-5: I-Bond 0666187, Dated 10-11-92
K-6: I-Bond 0678869, Dated 10-24-92
K-7: I-Bond 1119925, Dated 11-06-92
K-8: I-Bond 0911158, Dated 08-02-93
K-9: I-Bond 397449, Dated 05-25-93
K-10: Court Order with Signature, Dated 11-05-92
K-11: Court Reported Statement, Dated 12-03-92
K-12: Pro-se Post Conviction Petition, Dated 04-10-01
K-13: Zellner Contract, Dated 01-03-02
K-14: Affidavit of Daniel Taylor, Dated 02-09-04
K-15: Affidavit of Verification, Dated 02-09-04
K-16: Investigation Waiver, Dated 11-21-08
K-17: Affidavit of Verification, Dated 09-27-12
K-18: Affidavit of Verification, Dated 10-3-13

Procedure:

*Handwriting Analysis*

Examinations and comparisons were conducted by examining each of the submitted known signatures for fluency*, writing style, distortions, internal consistency and significant handwriting habits. (*Fluency is not definitively determinable with the examination of machine copies or carbon copies.) After examining each signature individually, a side-by-side comparison between the questioned and the known signatures was conducted.

This method of handwriting comparison is accepted as appropriate in the field of forensic document analysis and is generally used by forensic document analysts around the country, including police and government analysts. The examination is within the "Standard Guide for Examination of Handwritten Items" adopted, designation E2290-07a, by the American Society for Testing and Materials (ASTM).

Results:

The known signatures contain a large degree of variation[1] within them which could be an indication of multiple writers. The examination placed emphasis on the known samples from 2002 and later as well as the 5-25-93 I-Bond form, this emphasis was to remove the possibility of

[1] Variation is a term that is typically used by me in instances of the same group of writings (either known or questioned writings). The definition is – those deviations among repetitions of the same handwriting characteristic that are normally demonstrated in the habits of each writer.

multiple writers that were indicated in the earlier signatures. A comparison of the known signatures was then made to the questioned I-Bond form was made.

Conclusion:

My opinion is based on the observations I made during my examinations and my ability to evaluate these observations, based on the training and experience I have in the area of document examination. It is my opinion, in as much as it is possible to examine machine and carbon copies, based on the significant differences that exist between the questioned and known signatures, the questioned I-Bond form 0665230 was probably not signed by Daniel Taylor. This opinion is drawn to a reasonable degree of scientific certainty and based on recognized scientific principles.

Very truly yours,

Erich J. Speckin
Forensic Document Analyst

EJS