**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANIEL TAYLOR, | ) |
| Plaintiff, | ) |
| | ) Case No. 14 C 0737 |
| v. | ) |
| | ) Judge John Z. Lee |
| CITY OF CHICAGO, et al., | ) |
| Defendants. | ) |

## **PLAINTIFF'S MOTION IN LIMINE NO. 2 TO LIMIT GANG EVIDENCE**

Plaintiff, by and through his attorneys, moves to limit Defendants from making prejudicial and irrelevant references to gangs at trial. In support, Plaintiff states:

1. Defendants have made clear they intend to introduce irrelevant and unduly prejudicial gang-related evidence at trial.[1] Defendants will try to link Plaintiff and certain witnesses to supposedly high-ranking gang members, who otherwise have no connection to this case. They will use every available opportunity to smear Plaintiff as a hardened member of a criminal street gang who is unworthy of the jury's fair consideration.

2. This is a case in which the jury will need to hear some evidence of Plaintiff's former gang involvement and the activities of the Vice Lords in the Agatite and Hazel neighborhood where the Lassiter and Haugabook murders occurred. But Rules 402 and 403 of the Federal Rules of Evidence require that evidence about gangs be strictly limited. The defendants should be permitted to introduce gang evidence *only* to the extent that it is necessary to fairly present the facts on trial. References to gang codes, gang culture, reputed gang leaders (with no connection

---

[1] Defendants rejected Plaintiffs' efforts to negotiate the matter of gang evidence, for instance, by agreeing to exclude references to Jon Burge if the Defendants kept out references to irrelevant gang "leaders." *See* Meet and Confer Emails, attached as Group Exhibit A to Plaintiff's Mot. No. 1.

to the facts on trial) and the like are not necessary. Such evidence is inflammatory, unduly prejudicial, and irrelevant. It should be barred.

**Introduction of Gang Evidence is
Unduly Prejudicial and Routinely Barred in this Circuit**

3. Courts in this Circuit have repeatedly recognized "'the insidious quality' of evidence of gang membership as well as 'the damage it can do.'" *Finley v. Lindsay*, No. 97 C 7634, 1999 WL 608706, at *1-2 (N.D. Ill. Aug. 5, 1999) (citing *United States v. Sargent*, 98 F.3d 325, 328 (7th Cir. 1996)). Because there is a "substantial risk of unfair prejudice attached to gang affiliation evidence," courts closely scrutinize its admissibility. *United States v. Irvin*, 87 F.3d 860, 865 (7th Cir. 1996) ("Gangs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior….Guilt by association is a genuine concern whenever gang evidence is admitted.").

4. And from such scrutiny, gang-related evidence is "routinely excluded" in civil rights suits of this kind. *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 817 (N.D. Ill. 2010) (citing *Irvin*, 87 F.3d at 865-66 and *Charles v. Cotter*, 867 F. Supp. 648, 658 (N.D. Ill. 1994) (naming § 1983 plaintiff "as a gang member is unfairly prejudicial insofar as it encourages the inference that [plaintiff] is an evil and menacing person")). *See, e.g.*, *Gonzalez v. Olson*, No. 11 C 8356, 2015 WL 3671641, at *2 (N.D. Ill. June 12, 2015) (barring gang evidence in excessive force suit as irrelevant and unduly prejudicial since "[w]hether Defendants' use of deadly force was constitutionally reasonable in this case depends on their interactions with [the plaintiff], not on any gang affiliation [the plaintiff] may have had…or the reputation of the neighborhood in which he lived."); *Taylor v. City of Chicago*, No. 09 C 5092, 2012 WL 3686642, at *2 (N.D. Ill. Aug. 24, 2012) (barring evidence of gang membership which risked eliciting "guilt by association") (citing *Ramirez v. City of Chicago*, No. 05 C 317, 2009 WL 3852378, at *1-2 (N.D.

Ill. Nov. 17, 2009) ("[T]he overriding danger of unfair prejudice due to the inflammatory nature of gang references calls for the rejection of any such references under Rule 403. That has been recognized and applied not only by *Irvin* but by a flock of cases….")); *Fisher v. Fapso*, No. 12 C 00403, 2015 WL 5692901, at *3 (N.D. Ill. Sept. 25, 2015) (barring evidence of gang affiliation in Fourth and Fourteenth Amendment suit again police); *Padilla v. City of Chicago*, No. 06 C 5462, 2013 WL 6354169, at *6 (N.D. Ill. Dec. 3, 2013) ("flat-out grant[ing]" motion in limine to exclude reference to past gang affiliation in false arrest case); *Johnson v. Guevara*, No. 05 C 1042, 2010 WL 11711974, at *2 (N.D. Ill. Feb. 18, 2010) (in wrongful conviction damages suit, gang evidence "simply was not necessary for a full and fair presentation of the defense, whereas, even if arguably relevant, its admission would have seriously prejudiced the plaintiff.").

5. As myriad courts have acknowledged in barring or limiting gang evidence, its introduction at trial may inflame the jury, improperly undermine the credibility of witnesses and introduce propensity evidence into the record. So, too, should this court limit the introduction of such evidence under Rules of Evidence 401, 404 and 403, as set forth below.

**References to Gangs at Trial Should Be Strictly Limited**

6. Some evidence about gangs will have to be admitted in this case, in order to fairly present the facts on trial. Beyond what is necessary, though, the principles cited in the preceding section require exclusion of gang evidence. Defendants should be permitted to present evidence only as to the five propositions listed below:

A. Daniel Taylor and some of his original co-defendants—Akia Phillips, Paul Phillips, Lewis Gardner, Joseph Brown, and Dion Patrick and Dennis Mixon—were involved in the Uptown neighborhood's Traveling Vice Lords gang faction in November 1992;

B. Another co-defendant, Rodney Matthews, was a Conservative Vice Lord in 1992;

C. The true perpetrator of the Lassiter-Haugabook homicides, Dennis Mixon, was a Traveling Vice Lord, based out of the west side of Chicago in November 1992;

D. Daniel Taylor and his original co-defendants sold drugs in the Agatite/Hazel area of the Uptown neighborhood in Chicago, in and around November 1992;

E. The Uptown Traveling Vice-Lords had regular meetings at Clarendon Park, in and around November 1992.

7. These boundaries will enable both sides to frame the narrative of what happened in regard to the double homicide and its subsequent investigation, without improperly maligning Plaintiff with references to "insidious"—and irrelevant—gang material.

**All Other References to Gang Members and Gang Affiliation Should be Barred**

*Gratuitous References to Gangs are Unduly Prejudicial and Lack Probative Value*

8. Beyond the five categories of evidence set forth above, references to gangs (including to gang mores, customs or practices) should be barred.

9. Defendants intend to repeatedly raise Plaintiff's and his co-defendants' gang affiliations at trial, a fact underscored by their endless references to gangs during the *Patrick* proceedings. In *Patrick*, most of these lines of questioning had no relevance to the case. They were instead used to paint a picture of Taylor and other witnesses as "combative" or "criminal."[2]

10. This is prohibited under Rule 404, which bars character evidence, including evidence of prior or subsequent bad acts, in order to show conformity therewith. FED. R. EVID. 404(a)(1); 404(b). *Cf. United States v. Williams*, 739 F.2d 297, 300 (7th Cir. 1984) ("The detective's statement [about the defendant's nickname] was tantamount to testimony about a defendant's character that is proffered to show the probability that the defendant acted in

---

[2] *See*, *e.g.*, Ex. A at 3008:6-25: "Q. You were just a member who would follow orders from your superiors in the Vice Lord organization, right? A. Sometimes, but I was combative. I was kind of like—didn't follow the rules. Q. Well, let's talk about that. You know what a gang violation is, don't you, Mr. Taylor? A. Yes. Q. That's a punishment that a Vice Lord member can get for not following the rules of the gang, right? A. Correct. Q. And punishments that you could get would range from monetary fines to actually getting physically beaten by other gang members, right? A. Correct. Q. And violations could happen at meetings, but they could also happen randomly in other place, isn't that true? A. Correct. Q. And prior to November of 1992, you had been subjected to violations by the Traveling Vice Lords, correct? A. Correct."

conformity with that character in a particular case.") (citing Rule 404(a)); *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (Rule 404(b) "allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning."). Defendants may not repeatedly reference the Vice Lords solely to support the inference that people in gangs commit violent acts. *Ramirez*, 2009 WL 3852378, at *1 (gang evidence "pose[s] a major danger of being considered propensity evidence barred by Fed.R.Evid. ('Rule') 404(b)").

12. The defense's tactics are also properly barred under Rule 403, which "does much of the heavy lifting in the admissibility analysis by excluding other-act evidence that may be slightly probative through a non-propensity theory but has a high likelihood of creating unfair prejudice by leading a jury to draw conclusions based on propensity." *Gomez*, 763 F.3d at 856-57 (citation omitted). The risks of such inference-drawing are stark; jurors may make the untenable assumption that Plaintiff's and his co-defendants' teenage gang affiliation equates to involvement in the homicides.

12. Courts have explicitly recognized such risks when barring or limiting the introduction of gang evidence under Rule 403 in similar civil rights suits. *See Ramirez*, 2009 WL 3852378, at *1 ("In today's societal environment, gang membership or affiliation is of particular concern because of the serious potential for generating unfair prejudice."); *United States v. Richmond*, 222 F.3d 414, 417 (7th Cir. 2000) ("Evidence of gang involvement must be considered carefully to avoid undue prejudice."); *Sargant*, 98 F.3d at 328 ("Evidence of gang membership can taint a defendant in the eyes of a jury. This circuit is cognizant of the insidious quality of such evidence and the damage it can do."); *Cotter*, 867 F. Supp. at 658 (identifying plaintiff as a gang member would be "unfairly prejudicial as it encourages the inference that [he] is an evil and menacing person."); *Lopez v. City of Chicago*, No. 01 C 1823, 2005 WL 563212, at *5 (N.D. Ill.

Mar. 8, 2005) (granting motion *in limine* to bar any references to the plaintiff's gang membership); *United States v. Davis*, 2001 WL 1195729, at *2 (N.D. Ill. Oct. 9, 2001) (excluding gang references as "enormously and unfairly prejudicial" under Rule 403); *Finley,* 1999 WL 608706, at *1-2 (excluding evidence of plaintiff's gang membership as "highly prejudicial"); *Adams v. City of Chicago*, No. 06 C 04856, 2013 WL 12324708, at *2 (N.D. Ill. Sept. 10, 2013) ("Pejorative neighborhood descriptions such as 'high crime area' or 'gang area' as a basis for police action are improper propensity argument unfairly prejudicial to the plaintiffs here.").

13. Consequently Defendants should be precluded from making gratuitous references to gangs, including to gang "codes," gang "violations," gang colors, gang hand signs, gang greetings, gang-related tattoos, or any other mention of gangs—and the Vice Lords specifically—that is not directly relevant to the events underlying this case (and thus that are outside the scope of the five categories of evidence listed *supra*). *See Smith v. Hunt*, No. 08 C 6982, 2011 WL 9737, at *3 (N.D. Ill. Jan. 3, 2011), *aff'd* 707 F.3d 803 (7th Cir. 2013) (granting motion to bar defendants from referring to themselves as "gang officers" since mention of gang activity is "prejudicial and will inflame the jury," and instead instructing defendants to refer to themselves as "tactical officers"); *Jones v. City of Chicago*, No. 14 C 4023, 2017 WL 413613, at *12 (N.D. Ill. Jan. 31, 2017) (in false arrest case, court prohibited reference that Defendant was part of the "Gang Safety School Team" because of "unacceptable risk of unfair prejudice"); *Brown v. Joswiak*, No. 02 C 4622, 2004 WL 407001, at *1 (N.D. Ill. Feb. 24, 2004) (barring all references to "evidence or testimony concerning the gang affiliation or tattoos of Brown or his witnesses"); *Finley*, 1999 WL 608706, *1 (barring all references to tattoos); *see also Ratliff v. City of Chicago*, 2012 WL 485551, at *7 (N.D. Ill. Nov. 19, 2012) (limiting defendants' references to "high crime" areas and

mandating they use "objective factual terms without resorting to sweeping generalizations or belaboring the relevant points.").

### *Defendants Should be Barred from Referring Irrelevant Gang Leaders*

14. Similarly, Defendants should be prevented from suggesting that witnesses had ties to notorious gang leaders, who have no connection to the facts of this case.

### *Willie Lloyd Is Irrelevant*

15. A community activist in the Agatite neighborhood in 1992, Faye McCoy was an eyewitness to the murder. She named Dennis Mixon as the true perpetrator right after the crime and has maintained that position for 28 years. The defense likely plans to suggest during Ms. McCoy's cross-examination that her ex-husband, Mike McCoy, was the cousin of Willie Lloyd, described as a gang leader in Chicago. Ms. McCoy is expected to deny this suggestion. Willie Lloyd has no other connection whatsoever to this case.

16. References to Willie Lloyd should be banned under Rule 401 as wholly irrelevant. *Cf. United States v. Gomez*, 763 F.3d 845, (7th Cir. 2014) ("Rule 401 defines relevant evidence as that which is both *probative* (having 'any tendency to make a fact more or less probable than it would be without the evidence') and *material* (the fact must be of consequence in determining the action').") (emphasis in original). Defendants have never suggested that Lloyd had any involvement in the murders or their investigation—he is immaterial to this case. *Cf. Gonzalez*, 2015 WL 3671641, at *2 ("Any mention of gangs by Defendants is barred under Federal Rule of Evidence ('FRE') 401 and FRE 402 unless Plaintiff opens the door…."); *Anderson v. City of Chicago*, No. 09 C 2311, 2010 WL 4811937, *1-*3 (N.D. Ill. Nov. 19, 2010) (in false arrest/excessive force case, gang references were not relevant to show the reasonableness of defendants' actions, motive, or bias, or for impeachment).

17. Lloyd should also stay out under Rule 403. Even if Ms. McCoy's ex-husband was related to a man named Willie Lloyd (which Ms. McCoy will likely deny), even if Lloyd was a ranking gang member, and even if the defense could propose some probative purpose for inserting Lloyd into this case, all of this is far outweighed by the unfair prejudice that would result from suggesting an eyewitness had familial ties to a gang leader. *See Case v. Town of Cicero*, No. 10 C 7392, 2013 WL 5645780, at *5-*6 (N.D. Ill. Oct. 16, 2013) (defendants barred from introducing eyewitness's gang activity where such evidence was too prejudicial, even when weighed against witness's potential bias against defendant officers); *Ramirez*, 2009 WL 3852378, at *2.

### *Scorpio is Irrelevant*

18. Plaintiff expects that the defense will layer their cross examinations and their arguments with references to a powerful gang leader known as "Scorpio." Like Willie Lloyd, "Scorpio" has nothing to do with this case.

19. The defense is expected to suggest that Ms. McCoy was intimidated by Scorpio into changing her testimony at Plaintiff's criminal trial. But Ms. McCoy is expected to deny that Scorpio intimidated her, or that she ever changed her testimony. Plaintiff was questioned about Scorpio in his deposition and acknowledged, in general terms, that Scorpio was powerful and intimidating.

20. "Scorpio" played no role in the underlying murders or their investigation. Defendants are unable to even identify *who* Scorpio *is*. The defense should not be permitted to inject a gang personality with an ominous-sounding name into the trial and paint Plaintiff and his original co-defendants as guilty by association. Rule 403 does not allow this. *See Irvin*, 87 F.3d 860, at 865 (noting "[g]uilt by association is a genuine concern whenever gang evidence is admitted."); *see also Ramirez*, 2009 WL 3852378, at *1-2. *Cf. Williams*, 739 F.2d at 300 ("The

prosecution's only possible purpose in eliciting the testimony [of the defendant's nickname] was to create an impression. . .that the defendant was. . . an unsavory character or even a criminal.").

## No Evidence Relating To Gangs Should Be Introduced
## Without First Being Proffered Outside the Presence of the Jury

21. Finally, if the defendants believe that there is gang-related evidence beyond the five points listed above (¶ 6, *supra*) they should be required to proffer it to the court outside the presence of the jury and explain both its relevance and its necessity to the defense prior to its introduction. Gang evidence is too inflammatory and too unduly prejudicial to be casually paraded in front of the jury. The court should exercise strict controls over its use.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order in limine limiting gang evidence at the trial to the five specific areas listed in ¶ 6 of this motion and should instruct the defendants that, if they wish to introduce gang evidence in addition to those areas, they should seek permission from the court outside the presence of the jury and explain why any such evidence is necessary to their defense.

Respectfully submitted,

**DANIEL TAYLOR**

By: /s/ Alexa Van Brunt
    *One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
David B. Owens
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
(312) 243-5900

Locke E. Bowman
Alexa A. Van Brunt
Maggie E. Filler
Vanessa del Valle
MACARTHUR JUSTICE CENTER
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, Illinois 60611
(312) 503-08

## Certificate of Service

    I, Alexa Van Brunt, an attorney, certifies that on September 21, 2020, I caused the foregoing to be served upon all parties of record through the Court's CM/ECF system.

                                                                    /s/  Alexa Van Brunt