**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANIEL TAYLOR, ) | |
|         Plaintiff, ) | |
| ) | Case No. 14 C 0737 |
| v. ) | |
| ) | Judge John Z. Lee |
| CITY OF CHICAGO, et al., ) | |
| ) | |
|         Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE NOS. 11 and 10**
**(Bar Reference to Specific Instances of Alleged Misconduct of Defendant Officers)**
**(ECF Nos. 632 and 633)**

Defendants seek to bar reference to their past alleged misconduct that was subject to internal investigation, by excluding the complaint register ("CR") file for all prior investigations (Def. Mot. in Limine No. 11; ECF No. 633) and barring reference to the Independent Police Review Authority ("IPRA"), which investigated the misconduct (Def. Mot. in Limine No.10; ECF No. 632).

The allegations Defendants seek to bar fall into two categories: (a) a CR by James Odom relating to a 1986 incident and the criminal court trial testimony of Darryl House relating to interrogation abuse he suffered in 1986, both unrelated to this case; and (b) CR files that relate specifically to the Lassiter-Haugabook investigation—*i.e.,* a CR filed on behalf of Akia and Paul Phillips by their mother, Andrea Phillips, complaining about the interrogation abuse suffered by her sons; a CR filed by Joe Brown's mother complaining about her son's abusive interrogation; and a CR filed by one of Deon Patrick's relatives challenging his wrongful arrest. Plaintiff will not seek to introduce the allegations of either Mr. Odom or Mr. House, unless one of the Defendants opens the door to the introduction of those prior allegations. Plaintiff also will not introduce the CR files listed in Defendants' motion (ECF No. 633), or mention IPRA or the process for investigation of police misconduct (ECF No. 632)—unless the door is opened.

To the extent Defendants seek to bar evidence relating to the coercive interrogations of Akia Phillips, Paul Phillips, Lewis Gardner, Joseph Brown, Rodney Matthews or Deon Patrick, their motion must be denied. The interrogations of those six were part of the same course of conduct that led to Plaintiff's wrongful charging and conviction. Indeed, Defendants will maintain at trial that Plaintiff's confession was credible because it was corroborated by the other confessions. It would be unfair to allow the introduction of the other confessions and Defendants' self-serving testimony that they were corroborative of Plaintiff's, while barring Plaintiff from

2

presenting evidence that those confessions were also the product of Defendants' interrogation abuse.

There is no basis for the Defendants' argument that Rule 404(b) somehow bars this evidence. Rule 404(b) permits the introduction of other bad acts evidence relevant to rebut defendants' specific contentions in opposition to a plaintiff's claim. *See Burton v. City of Zion*, 901 F.3d 772, 777 (7th Cir. 2018) (reversing district court's exclusion of evidence relating to defendant's prior interactions with plaintiff where evidence that defendant had previously abused plaintiff provided an explanation for plaintiff's conduct). Defendants' theory that the other confessions substantiated Plaintiff's makes relevant Plaintiff's evidence that Defendants abused and coerced the other young men into confessing. *Cf. id*. Specifically, Plaintiff seeks to establish Defendants' plan, intent, and knowledge in connection with the investigation—*i.e.,* to show an ongoing course of conduct: a *plan* to solve the murders without regard to the guilt of those they were framing, the *intent* to violate Plaintiff's rights by "solving" the crime without regard to the guilt or innocence of Plaintiff and his co-defendants, and *knowledge* that Plaintiff's and the other confessions were illegitimate. These are all permissible purposes under Rule 404(b)(2).[1]

Defendants' Rule 403 argument also fails. In conducting Rule 403 analysis, an important issue "is the extent to which the non-propensity factual proposition actually is contested in the case." *Gomez*, 763 F.3d at 857. Here, the propositions to which the 404(b) evidence is directed are central to Plaintiff's case, and hotly contested. Defendants' intent is an element of Plaintiff's due process and malicious prosecution claims. Whether Defendants actually knew that Plaintiff's and the other confessions were illegitimate is also a disputed and highly relevant issue.

---

[1] Thus, Defendants' citation to *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014), which bars evidence relevant *only* for propensity purposes, is off-point.

3

Whatever prejudice Defendants face by virtue of the evidence of their coercion of the others is vastly outweighed by its probative value.

For the foregoing reasons, the court should deny in part Defendants' Motion in Limine No. 11, relating to specific acts of misconduct.

Respectfully submitted,

**DANIEL TAYLOR**

By: /s/ Locke E. Bowman
One of his attorneys

Locke E. Bowman
Alexa Van Brunt
Maggie Filler
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern University Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
312 503 0844

Arthur Loevy
Jon Loevy
David B. Owens
Loevy & Loevy
311 N. Aberdeen St. #3
Chicago, IL 60607
312 254 5900