IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL TAYLOR, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) 14 C 737 |
| v. | ) |
| | ) Judge John Z. Lee |
| CITY OF CHICAGO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court held a final pretrial conference hearing on December 9, 2021 The Court informed the parties of the Court's trial procedures. In addition, the Court made various substantive rulings as follows.

I.  Motions *in Limine*

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Rulings *in limine* avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before trial. *See United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000). The Court will grant a motion *in limine* only when the evidence is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Betts v. City of Chi.,* 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011). Moreover, rulings on motions *in limine* are "subject to change when the case unfolds." *Luce*, 469 U.S. at 41; *see also Farfaras v. Citizens Bank & Tr. of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

For the reasons stated on the record, the Court made the following rulings with regard to the parties' motions *in limine*:

1

Plaintiff's motion *in limine* No. 1, to bar unnecessarily repetitive questioning regarding Plaintiff's perjury, is denied. Questions regarding Plaintiff's credibility are highly relevant. However, Plaintiff is free to reraise this objection at trial if he finds the questioning to become harassing or cumulative.

Plaintiff's motion *in limine* No.5, to limit affirmative use of the Fifth Amendment as to Dennis Mixon and David Taylor, is granted in part and denied in part. Plaintiff's motion is granted in that Defendants are barred from offering evidence of Dennis Mixon's invocation of the Fifth Amendment in order to draw a negative inference as to Plaintiff's guilt or innocence. However, insofar as Defendants seek to offer evidence that Dennis Mixon's statements, which were used in Plaintiff's petition for a certificate of innocence, have changed over time, they may do so.

Plaintiff's motion *in limine* No. 6, to exclude reference or examination concerning the decision of Plaintiff or any other witness from testifying at their own criminal trial, and to bar reference, examination, or questioning concerning the fact that the co-defendants were not called at the criminal trials either, is granted in part and denied in part. It is granted with respect to the Fifth Amendment invocations of Daniel Taylor at his own criminal trial. As to the Fifth Amendment invocations of his co-defendants at their criminal trials, the Court defers judgment until proper foundation can be laid at trial. Finally, as for the portions of this motion *in limine* that dealt with the decision not to call certain witnesses at Plaintiff's criminal trial, the Court refers parties to its prior order, ECF No. 851.

Plaintiff's motion *in limine* No. 8, to exclude David Taylor's prior bad acts, is granted in part and denied in part. Specifically, Defendants may offer evidence of David Taylor's prior forgery conviction, and of his previous use of aliases upon arrest. However, they may not offer evidence that he once used the alias Daniel Taylor five years after the events in question under Rule 403.

Plaintiff's motion *in limine* No. 10, to exclude references to taxpayers' pecuniary interests, is granted.

Plaintiff's motion *in limine* No. 11, to prevent Defendants from claiming an inability to pay punitive damages, is granted in part and denied in part.

Plaintiff's motion *in limine* No. 12, to exclude opinion testimony from lay witnesses, is denied. However, Plaintiff is free to raise the objection at trial if he feels that lay witnesses are going beyond the scope of proper lay testimony.

Plaintiff's motion *in limine* No. 13, to exclude improper character evidence and "bolstering", is granted in part and denied in part. Insofar as the motion sought to

exclude commendations, awards, or complimentary history of the Defendants, it is granted as unopposed. The remainder of the motion is denied.

Defendants' motion *in limine* No. 3, to bar any evidence of the disposition of any criminal charges against Plaintiff's criminal co-defendants, is granted in part and denied in part. Plaintiff may offer evidence, if applicable, that the convictions of certain co-defendants were vacated and that the charges against Akia Phillips and Joseph Brown never went to trial. Beyond that, evidence about the criminal dispositions of Plaintiff's co-defendants will be barred.

Defendants' motion *in limine* No. 4, to bar references to evidence disposed of on summary judgment, is granted in part and denied in part. It is granted as to any attempts to raise claims dismissed at summary judgment, which will not be allowed. However, it is denied in that Plaintiff can offer evidence that was relevant to the claims dismissed at summary judgment if it is otherwise admissible as to one of the remaining claims.

Defendants' motion *in limine* No. 5, to bar evidence of any comments made by criminal trial Judge Earl E. Strayhorn in an unrelated criminal matter about a defendant officer's credibility, is denied. However, the Court will consider a limiting instruction from Defendants to be provided to the jury.

Defendants' motion *in limine* No. 6, to bar any reference to the affidavits of deceased witnesses, Audrey Matthews and Joseph Brown, is granted in part and denied in part. Plaintiff has stated that he will not introduce the affidavit of Audrey Matthews, and so the motion to bar any reference to her affidavit is denied as moot. The remainder of the motion with respect to the affidavit of Joseph Brown is denied pending further consideration at trial.

Defendants' motion *in limine* No. 7, to bar reference to any alleged deviation from Chicago Police Department internal policies, is denied. The Court will consider a limiting instruction to be offered at the time of any testimony on this issue.

Defendants' motion *in limine* No. 8, to bar reference implying that the permanent retention and/or investigative files are missing, is granted in all respects except for instances in which the missing files were in control of the Defendants in this case, and instances in which Plaintiff can point to specific exculpatory documents that were in possession of the prosecution team in his criminal case and were never produced, assuming he can lay a proper foundation.

Defendants' motion *in limine* No. 9, to bar reference to "street files," "running files," "working files," "office files," or similar nomenclature to imply wrongdoing, is granted in part and denied in part. To the extent that the evidence of the existence of a street file in this case is offered to show that the officers intentionally violated

3

CPD policy, it is relevant and admissible to show motive and bad faith. Further, if Plaintiff intends to offer testimony to show that the street file practice was abolished because it could lead to the concealment of evidence, Plaintiff will need to lay a sufficient foundation that the purpose of abolishing the street file practice was conveyed to Defendants prior to the events in question in order for it to be relevant.

Defendants' motions *in limine* Nos. 10 and 11, to bar reference to specific instances of alleged misconduct of Defendant officers, is denied as moot.

Defendants' motion *in limine* No. 12, to bar reference to Mayor Rahm Emmanuel's comments regarding the existence of a code of silence, the April 2016 Police Accountability Task Force Report, the Department of Justice Report, and other alleged investigations into systemic police misconduct, is granted in part and denied in part. Plaintiff may offer evidence specific to behavior and agreements among Defendants, but may not offer evidence about CPD conduct or codes of behavior in general.

Defendants' motion *in limine* No.13, to bar evidence or reference to allegations of unrelated police or prosecutorial misconduct, is granted, except insofar as Plaintiff can show that such alleged misconduct relates to Defendants' investigation of the murders in question.

Defendants' motion *in limine* No. 14, to bar argument that any police officer falsely testified at Plaintiff's criminal trial or during any criminal proceeding, is denied as moot.

Defendants' motion *in limine* No. 15, to bar argument that the "Styler Notes" were improperly withheld, is granted in part and denied in part. Plaintiff may not offer the Styler Notes as evidence to support their *Brady* claim, but they may be offered to the extent that Plaintiff needs to prove that his criminal attorney was reasonably diligent in his criminal case. As Defendants' request, the Court will also consider a limiting instruction at the time the evidence is offered, if necessary.

Defendants' motion *in limine* No. 19, to bar any argument that the Cook County State's Attorney's Office or any Assistant State's Attorney had a custom, policy, or practice of allowing the suppression of exculpatory information, is denied as moot.

Defendants' motion *in limine* No. 20, to bar evidence of Lewis Gardner's IQ Testing that was conducted after he was arrested and charged and any arguments relating to his alleged mental deficiencies, is granted in part and denied in part. The IQ test results themselves in document form will not be admitted, but they may be relied upon and discussed as part of Dr. Leo's expert testimony, if a proper foundation is established.

4

Defendants' motion *in limine* No. 21, to bar any evidence relating to the post-incident criminal histories or convictions of non-testifying individuals, is denied as moot.

Defendants' motion *in limine* No. 23, to admit disciplinary history of lockup keeper personnel, is denied.

Defendants' motion *in limine* No. 24, to bar argument that Defendants should have video- or audio-taped interviews, is granted in part and denied in part. Plaintiff may offer evidence that the interrogations were not recorded, but any argument or any question that seeks to have the jury infer that they should have been recorded will not be permitted. Moreover, Defendants are free to argue that it was not practice at the time to record interrogations.

Defendants' motion *in limine* No. 25, to bar evidence relating to Defendants' alleged failure to investigate or follow up on any issue or evidence, is denied as moot.

Defendants' motion *in limine* No. 26, to bar any evidence relating to evidence in possession of the Cook County State's Attorney prior to trial, is denied.

## II. Schedule

As stated in the Court's minute order, Defendants shall inform Plaintiff whether they intend to offer the defense of inability to pay for punitive damages by Friday, December 10, 2021, at 5:00 p.m. If they choose to offer this defense, they are ordered to deliver discovery on that issue to Plaintiff by Wednesday, December 15, 2021, at 5:00 p.m.

Both parties are ordered to meet and confer regarding witnesses whose addresses are unavailable and who were never deposed in this case. If the issue is not resolved between the parties, they are ordered to submit a letter detailing the issue and containing their correspondence to the Court by January 7, 2021.

Defendants are ordered to respond to Plaintiff's motion *in limine*, to collaterally estop Defendants Berti, Glinski, Villardita, and Johnson from contesting the falsity of the December 14 Report, ECF No. 863, by Friday, December 17, 2021. Plaintiff is ordered to respond to the City of Chicago's motion for clarification, ECF No. 865, by Friday, December 17, 2021.

Date: 12/10/21 /s/John Z. Lee